IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MARION E. WOOD                                                           PLAINTIFF


            v.                            CIVIL NO. 25-5218


FRANK BISIGNANO, Commissioner
Social Security Administration                                           DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Marion E. Wood, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 18, 2022, alleging an inability to work since November 1, 2021,[1] due to depression, a generalized anxiety disorder, post-traumatic stress disorder and agoraphobia.  (Tr. 65, 201). An administrative telephonic hearing was held on September 10, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 33-63).

---

[1] Plaintiff, through her counsel, amended her alleged onset date to December 7, 2021. (Tr. 14, 36-37).

By written decision dated September 19, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: anxiety, obesity, and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. ). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can carry out simple instructions. She can have no interaction with the public and co-workers but can have occasional interaction with supervisors. She can deal with occasional changes in routine work setting. The claimant should have no exposure to hazards such as machinery with open moving mechanical parts and unprotected heights.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a laundry worker, a store laborer, and a floor cleaner. (Tr. 26-27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff, denied that request on September 5, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 9, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it

2

adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

3

given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id.*

### III.   Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Plaintiff argues the following issues on appeal: A) The ALJ erred in failing to fully and fairly develop the record; B) The ALJ erred in assessing the credibility of Plaintiff's subjective complaints; and C) the ALJ erred in determining Plaintiff's RFC. (ECF No. 9). The Court will consider each of these arguments.

### A.   Duty to Develop the Record:

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations is stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177, 179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but she must also show that she was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff claims that the ALJ erred by failing to fully and fairly develop the medical record regarding Plaintiff's alleged impairments and that the ALJ should have ordered an additional mental consultative examination. (ECF No. 9, pp. 2-5).

Initially, the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations during the time period in question. *See Barrett v. Shalala,* 38 F.3d 1019 at 1023. While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; she simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Id*. After reviewing the administrative record, the Court finds nothing which establishes the record was inadequate for the ALJ to make her decision. The medical record includes treating and non-examining medical consultant opinions, imaging studies, lab work, and medical treatment records.

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has made no demonstration that any further record development would have changed the outcome of the ALJ's determination. Accordingly, Plaintiff has failed to demonstrate that the

record was not fully developed and that he was prejudiced by any perceived failure to develop the record.

**B.      Subjective Allegations:**

Plaintiff claims the ALJ erred in evaluating her subjective allegations of disability. (ECF No. 9, p. 6-8). In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C. F. R. §416.929. *See Shultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See Id*. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the claimant's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See Id.*; *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount a claimant's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's allegation of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reason for discrediting the testimony, addressing inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*, 159 F.3d 1140,

6

1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a claimant disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a claimant experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in her evaluation of Plaintiff's subjective complaints. (Tr. 18-25). The ALJ's opinion outlines Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. *Id*. The ALJ also noted Plaintiff's daily activities and set forth the reasons for finding them not as limiting as described by Plaintiff. *Id*. Plaintiff argues the ALJ failed to address her alleged social interaction limitations. A review of the hearing decision reveals that the ALJ specifically addressed Plaintiff's difficulty with interacting with others and included additional limitations in the RFC to include "no interaction with the public and co-workers but can have occasional interaction with supervisors." (Tr. 18, 24). The ALJ considered Plaintiff's testimony that she was unable to handle being around people but did not include more social limitations because the evidence revealed Plaintiff's providers "did not note any problems interacting with the claimant and she was not noted to be in distress at her appointments." (Tr. 24). Based upon the Court's review, there is no basis for reversal on this issue. *See Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints… if there are inconsistencies in the record as a whole").

### C.    The RFC Determination:

In this matter, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. (Tr. 18). Plaintiff argues the ALJ erred in this RFC determination. (ECF No. 9, p. 8-10). However, after review, the Court finds substantial evidence supporting the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir. 2007). However, there is no requirement that an RFC finding be supported by a specific medical opinion. *See Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) (affirming RFC without medical opinion evidence). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. While Plaintiff disagrees with the ALJ's reasoning when discussing the evidence, Plaintiff does not point to any evidence in the record that the ALJ should have considered, but failed to consider, in calculating Plaintiff's RFC. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. (Tr. 17-25). In her opinion, the

8

ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible. *Id.* The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in the hearing decision. *Id.* The ALJ also considered the findings of the treating medical providers and non-examining medical consultants, Plaintiff's testimony, and function reports when assessing her RFC. *Id*. Regarding the medical opinions, the ALJ articulated the supportability and consistency of each opinion with the record as a whole and determined the level of persuasiveness.

Plaintiff alleges the ALJ erred by failing to include Plaintiff's inability to be around people, including family members in the RFC. The ALJ acknowledged Plaintiff's alleged inability to handle being around people and included limitations in the RFC that were supported by the record. The ALJ's finding that Plaintiff is able to have occasional interaction with supervisors is also supported by Dr. Randall Staley's August of 2024 opinion that Plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors was not limited. (Tr. 686). The ALJ also took Plaintiff's obesity into account when determining that Plaintiff's RFC. *Heino v. Astrue*, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). After reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings for the time period in question.

**IV.    Conclusion:**

Based on the foregoing, the undersigned recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice.  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of June 2026.


/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE